UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EVARISTO ROSARIO,          :
        Plaintiff,      :
                       :
v.                         :   C.A. No. 15-060ML
                       :
MARY S. McELROY, et al.,   :
        Defendants.     :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO § 1915(e)**

Patricia A. Sullivan, United States Magistrate Judge

    On February 18, 2015, Plaintiff Evaristo Rosario filed *pro se* a handwritten complaint together with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP Motion, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A), renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review of the complaint,[1] I find that it is frivolous and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the case be summarily dismissed without prejudice. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In addition, my review of Mr. Rosario's IFP motion, which includes responses identical to the most recent IFP motion he filed in this Court, raises the same serious credibility concerns about the accuracy of the information provided as stated in my report and recommendation in Rosario v. McBurney, C.A. No. 14-523ML, ECF No. 3 at 5.[2] If this Court determines that his case may

---

[1] Because Mr. Rosario is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

[2] My report and recommendation issued on December 18, 2014, just two months ago, in Mr. Rosario's last case to be dismissed. Rosario v. McBurney, C.A. No. 14-523ML. It was adopted in its entirety by U.S. District Judge Mary M. Lisi on January 20, 2015.

proceed, I recommend that his IFP motion be denied without prejudice to refiling with sufficient information to establish that he is unable to pay fees and costs.

**Screening of the Complaint**

Mr. Rosario's new complaint is strikingly similar to the previous cases he has filed in this Court stemming from his Rhode Island criminal conviction. He again alleges that his life has been destroyed by his conviction, that he cannot find a job or perform as a professional with a college degree. He blames the State of Rhode Island and the state judiciary system, calling it corrupt and insinuating that the actors within the system conspired to find him guilty and provided him with ineffective assistance of counsel. He zealously asserts that he is not guilty of the crime for which he was convicted. Mr. Rosario also alleges that the Rhode Island Public Defender's Office refuses to assist him in expunging his record.

This case is Mr. Rosario's sixth. As I laid out in my December 18, 2014, report and recommendation recommending dismissal of the fifth (C.A. No. 14-523ML), in four of these federal matters, his claims were dismissed as frivolous and for failure to state a claim. See Rosario v. McBurney, C.A. No. 14-523ML; Rosario v. Rhode Island, C.A. No. 14-462M; Rosario v. Savage, C.A. No. 14-417M; Rosario v. Rhode Island, C.A. No. 13-446S. One, filed in 2013, was a petition for habeas corpus, which was dismissed as he was not then in state custody. See Rosario v. Rhode Island, C.A. No. 13-373ML. In two instances, including the most recent dismissal, this Court took the time to amplify why his claims were frivolous, including that claims against judicial officers are barred by the doctrine of judicial immunity, claims against prosecutors are barred by the doctrine of prosecutorial immunity and claims against the State of Rhode Island are barred by the Eleventh Amendment based on the State's

sovereign immunity. Rosario v. McBurney, C.A. No. 14-523ML, ECF No. 3 at 3-4; Rosario v. Rhode Island, C.A. No. 13-446S, ECF No. 3 at 4-5.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) is the same as that used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Section 1915 also requires dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

For the reasons laid out in my December 18, 2014, report and recommendation, Mr. Rosario's allegations against the Rhode Island Attorney General and Rhode Island Judiciary are frivolous and barred by the doctrines of judicial and prosecutorial immunity. When performing their respective functions, judicial officers and prosecutors are protected by absolute immunity. Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009) (prosecutor enjoys absolute immunity as long as challenged conduct falls within function as advocate for a governmental entity); Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial decisionmaking and to insulate judges

from vexatious actions by disgruntled litigants); see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (per curiam) (judicial immunity bars suits under § 1983 for money damages and injunctive relief). Mr. Rosario also purports to sue the State of Rhode Island as the "Rhode Island Public Defender, Rhode Island Appellate Division, State of Rhode Island, Rhode Island Judiciary and Rhode Island Attorney General." The Supreme Court has consistently held that the Eleventh Amendment provides immunity to an unconsenting State from suits brought in federal courts by her own citizens, as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662–63 (1974); Acevedo-Concepcion v. Irizarry-Mendez, CIV. 09-2133 JAG, 2013 WL 3227880 (D.P.R. June 25, 2013); see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought").

Mr. Rosario's claims against Rhode Island Public Defender Mary S. McElroy are substantively deficient. His complaint alleges merely that he called the Public Defender's Office for assistance in expunging his criminal record, as he claims he was promised during his state criminal proceedings, and that the Office responded with an apology. Omitted from his complaint is that he was found guilty on December 12, 2007, of felony assault with a dangerous weapon and sentenced on February 8, 2008, to a five year suspended sentence with five years probation. State v. Rosario, 14 A.3d 206, 214 (R.I. 2011).[3] Under Rhode Island law, Mr. Rosario will not be eligible to expunge his felony conviction until ten years after the completion of his sentence – February 8, 2023, at the earliest. See R.I. Gen. Laws §§ 12-1.3-2(c); 12-1.3-

---

[3] At screening, in applying the decisional rubric for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may take judicial notice of proceedings in a related case. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (appropriate for district court to consider "matters of public record, and other matters susceptible to judicial notice" at motion to dismiss); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts");

3(b); State v. Alejo, 723 A.2d 762, 764 (R.I. 1999). Based on the date of his sentencing, there is no need to consider whether Mr. Rosario somehow has a right of constitutional proportions to the services of a Public Defender in connection with expungement; applicable Rhode Island law is clear that he currently has no right to expungement and will not for many years to come. Accordingly, his pleading is woefully insufficient to give rise to a federal claim.

Finally, as with each of his prior filings, Mr. Rosario's complaint lacks the basic indicia of a complaint and to that extent fails to comport with Fed. R. Civ. P. 8(a) and 10(b). Rule 10 requires that a complaint must have separately-numbered paragraphs setting out the claims, each paragraph limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Fed. R. Civ. P. 8(a) requires that every complaint must contain a short and plain statement of the claim and a demand for the relief sought. The complaint does not adequately identify the capacity or the legal basis that forms the foundation for the claims against each defendant; in addition, as with his last federal case, it does not state a demand for the relief sought in this Court.

Based on the foregoing, I find that Mr. Rosario's sixth complaint cannot survive screening – it fails to state a viable federal claim, is frivolous, names defendants with immunity and fails to comply with either Fed. R. Civ. P. 8(a) or Fed. R. Civ. P. 10(b). Accordingly, I recommend that it be dismissed without prejudice.

**IFP Motion**

This IFP motion is the ninth Mr. Rosario has filed since May of 2013. For the same reasons stated in my report and recommendation in Rosario v. McBurney, C.A. No. 14-523ML, I conclude that Mr. Rosario has not yet satisfied the requirements of 28 U.S.C. § 1915(a)(2). Accordingly, if this Court determines that this case may proceed, I recommend that the IFP motion be denied without prejudice to refiling with sufficient truthful information about his

business and real estate interests to permit this Court to determine whether he is eligible for IFP status.

**Conclusion**

Based on the foregoing, I recommend Mr. Rosario's Application to Proceed Without Prepayment of Fees be denied without prejudice. I also recommend that his complaint be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2).

With his sixth complaint recommended for dismissal as frivolous in less than two years, I observe that Mr. Rosario's conduct has sufficiently pushed this Court's limited resources over the edge. Although he has the right to seek redress in this Court, he does not have the right to waste judicial resources by regularly filing frivolous lawsuits. Pursuant to Fed. R. Civ. P. 11 and the Court's inherent power to address abuse of the Court process, I recommend that the Court issue an order limiting his ability to file complaints without completely denying his access. See Plante v. U.S. Dep't of Interior, No. CA 14-519 S, 2015 WL 631197, at *1 (D.R.I. Feb. 12, 2015) (it is "well established that it is proper and necessary for an injunction to issue barring a party . . . from filing and processing frivolous and vexatious lawsuits") (internal citation omitted); Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin a party from filing frivolous and vexatious lawsuits"). In particular, I recommend that the Court enter the following Order to address his pattern of filing frivolous lawsuits:

> Plaintiff Evaristo Rosario is, unless represented by counsel, prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge or Magistrate Judge of this Court. If Plaintiff Evaristo Rosario wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed and a certification under oath that there is a good faith basis for filing them in Federal

Court and a non-frivolous basis for granting relief authorized under the law. Failure to so certify, or a false certification, may result in Plaintiff being found in contempt of court and the imposition of sanctions. The Clerk of Court shall accept the documents, mark them received, and forward them to a District Judge or Magistrate Judge of this Court for action on the petition for leave to file.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 23, 2015